IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY ZAVALA,

    Petitioner

v.

RICARDO MARTINEZ,

    Respondent

CIVIL NO. 4:09-CV-0856

Hon. John E. Jones III

## MEMORANDUM

December 9, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Jimmy Zavala ("Petitioner" or "Zavala"), an inmate presently confined at the Allenwood Low Security Correctional Institution ("FCI Allenwood Low") in White Deer, Pennsylvania, commenced this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. He challenges the authority of the Federal Bureau of Prisons ("BOP") to set a schedule of restitution payments through the Inmate Financial Responsibility Program ("IFRP").

Service of the Petition was directed by Order dated May 22, 2009. (Doc. 5.) A Response was filed on June 11, 2009. (Doc. 9.) Zavala had the option of filing a reply, but did not do so. Accordingly, the Petition is ripe for review. For the reasons

set forth below, the Petition will be dismissed as moot.

**DISCUSSION**

Article III, § 2 of the United States Constitution requires that a case or controversy subsist through all stages of federal judicial proceedings. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). *See also Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy") (emphasis added). To satisfy this requirement, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (internal quotations omitted)).

In the instant case, Zavala claims that only the sentencing court has authority to schedule restitution payments and that this authority cannot be delegated to the BOP. (*See* Doc. 1 at 1.) As relief, he requests the "removal of all BOP imposed fee or FRP collections against him, no sanctions by the BOP may be imposed, and a legal permanent bar from the BOP reinstalling any collections of any type, or sanctions." (*See id.*) In addition, Zavala asks this Court to direct the BOP to remove all fee collections on inmates where a direct court order signed by a magistrate judge has not directed the collection and imposed a schedule for the collection of fees. (*See id.* at

2

3.)

Respondents have submitted proof that Zavala satisfied his obligation under the IFRP in 2006, and thus his Petition does not present a case or controversy that would be redressed through a favorable judicial decision. On August 11, 2005, the United States District Court for the Western District of Texas sentenced Zavala to a term of life imprisonment and ordered him to pay a felony assessment in the amount of $600.00. (K. Michael Sullivan Decl., Doc. 9-2 ¶¶ 3-6.) Zavala satisfied his $600.00 felony assessment on June 13, 2006. (*Id.* ¶ 7.) Zavala does not have any other special assessments, court-ordered restitution, or fines and court costs. (*Id.* ¶ 8.) Therefore, he is not currently participating in the IFRP and was not participating at the time he filed the instant Petition on May 6, 2009. (*Id.*; Doc. 1.)

Because Zavala has satisfied his obligation under the IFRP, he cannot be subjected to collection of any amounts under the IFRP related to his life sentence or to sanctions for a failure to participate in the IFRP. To the extent he seeks relief through the instant Petition for his past participation in the IFRP, "[p]ast exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No. 3:CV-02-0465, slip op. at p. 2 (M.D.

Pa. May 17, 2002) (Vanaskie, C.J.). Accordingly, this Court cannot grant the relief Zavala requests, and his Petition will be dismissed as moot.[1] An appropriate Order will enter.

---

[1] Zavala also has filed a "Motion for Summary Judgment" in which he requests substantially the same relief as in his Petition. Specifically, he requests that "any and all fines, fees, or restitution ordered by the BOP, be forever barred, as they are in violation of existing Federal laws and case law in this Circuit." (Doc. 8.) Inasmuch as Zavala has satisfied his obligation under the IFRP on his life sentence, and does not have any other special assessments, court-ordered restitution, or fines and court costs, this Court cannot grant the relief he seeks in his Motion and will dismiss it as moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY ZAVALA, | : |
| Petitioner | : |
| | : CIVIL NO. 4:09-CV-0856 |
| v. | : Hon. John E. Jones III |
| RICARDO MARTINEZ, | : |
| Respondent | : |

**ORDER**

December 9, 2009

In accordance with the Memorandum entered on today's date, **IT IS HEREBY ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

2. The Motion for Summary Judgment (Doc. 8) is **DISMISSED** as moot.

2. The Clerk of Court is directed to **CLOSE** this case.

John E. Jones III
United States District Judge